SANDERS LAW GROUP
  Craig. B. Sanders (STATE BAR 284397)
csanders@sanderslaw.group
333 Earle Ovington Boulevard, Suite 402
Uniondale, New York 11553
Tel: (516) 203-7600

Attorneys for Plaintiff
WILLIAM HAMES

BOAG LAW PLLC
  David A. Boag (*Pro Hac Vice*)
dab@boagip.com
447 Broadway, Suite 2-270
New York, NY  10013
Tel: (202) 203-6651

ENENSTEIN PHAM & GLASS, LLP
  Teri T. Pham (STATE BAR NO. 193383)
tpham@epglawyers.com
12121 Wilshire Boulevard, Suite 600
Los Angeles, CA 90025
Tel: (310) 899-2070

Attorneys for Defendant
LIVEONE, INC.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| WILLIAM HAMES, an individual,<br><br>      Plaintiff,<br><br>    v.<br><br>LIVEONE, INC., a Delaware corporation,<br><br>      Defendant. | CASE NO. 2:22-cv-05973-RSWL-MRW<br><br>**JOINT REPORT PURSUANT TO RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Initial Scheduling Conf.: May 23, 2023, 10:00 a.m.<br><br>Action Filed:  August 23, 2022<br><br>Trial Date:    None Set |

JOINT REPORT PURSUANT TO FRCP 26(f)

# JOINT REPORT PURSUANT TO RULE 26(f) OF THE FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff William Hames ("Plaintiff"), on the one hand, and defendant LiveOne, Inc. ("Defendant"), on the other hand, by and through their attorneys of record, hereby submit this Joint Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure.

## 1. STATEMENT OF THE CASE

**Plaintiff's Statement:** This action seeks to recover damages for copyright infringement. Plaintiff herein creates photographic images and owns the rights to these images which Plaintiff licenses for various uses including online and print publications. Plaintiff has obtained U.S. copyright registrations covering many of Plaintiff's images and many others are the subject of pending copyright applications.

Defendant owns and operates a website known as www.liveone.com (the "*Website*").  On January 9, 2014, Plaintiff William Hames authored a photograph of the band members of the Motely Crue (the "*Photograph*"). Plaintiff applied to the USCO to register the Photograph on July 20, 2019 under Application No. 1-7897868944 and the Photograph was registered as of that day by the USCO under Registration No. VA 2-164-396. On April 7, 2022 Plaintiff observed the Photograph on the Website in a story dated June 24, 2020 at URL: https://www.liveone.com/blog/2020/06/24/when-the-crue-were-kings-2/ and was stored at URL: https://cmscdn.livexlive.com/wp-content/uploads/2020/06/crue-vid.jpg. Plaintiff commenced this action upon his discovery that Defendant had used the Photograph on its Website, and that Defendant did not have a license, authorization or other permission from Plaintiff to use the Photograph.

In this action, Plaintiff asserts claims for direct copyright infringement against Defendant. Plaintiff's claim for direct copyright infringement is based upon the belief that Defendant was directly responsible for copying, storing, and posting Plaintiff's

photograph on the Website. Plaintiff is informed and believes that Defendant willfully infringed upon Plaintiff's copyrighted Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in the infringing article on the Website.

As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against each Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c). Plaintiff is also entitled the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505.

**Defendant's Statement:** Plaintiff's claim rests on the purported use of a single photograph on an informational blog associated with Defendant's streaming media service. Whether or not obligated to do so, Defendant removed the Photograph from the blog in response to Plaintiff's notice of infringement but denies any liability. While Defendant continues to investigate the matter, it contends that use of the Photograph was with innocent intent, by mistake, or constitutes a fair use under 17 U.S.C. § 107.

Defendant notes that because Plaintiff concedes that the Photograph was never before licensed or the subject of any economic activity, the damages available in this case are limited to the statutory damages provided under 17 U.S.C. § 504. Defendant further contends that the damages in this case, which can be no more than $30,000 because of the lack of willfulness, should be at the minimum end of that range when factoring in Defendant's state of mind, comparable license values, Plaintiff's conduct, and other factors.

Defendant reserves the right to require Plaintiff to prove all elements of Plaintiff's claims, and Defendant also asserts affirmative defenses.

## 2. **LEGAL ISSUES**

The Parties dispute whether Defendant is liable for direct copyright infringement based on Plaintiff's claim that Defendant improperly copied, reproduced, distributed, adapted, and/or publicly displayed the Photograph on the Website without license or authorization from Plaintiff; whether Defendant was required to obtain a license or authorization from Plaintiff at all in light of Defendant's defense that its very brief use of the Photograph was a fair use under 17 U.S.C. § 107; whether Defendant's infringement was innocent, both in the liability and damages contexts; the standards for determining actual damages; the standards and analysis for appropriately measuring Defendant's profits from the uses, especially in the context where profits may be indirect or require allocation; and whether Defendant's infringement was willful, including what level of corporate controls or lack of same support or defeat a claim of willfulness. See generally 17 U.S.C. §106.

## 3. **DAMAGES**

**Plaintiff's Response:** Plaintiff seeks a judgment finding that Defendant has willfully infringed on Plaintiff's rights to his Photograph in violation of 17 U.S.C. § 501 et seq., and that the Court award damages and monetary relief as follows: 1) an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger; 2) Plaintiff's attorneys' fees pursuant to 17 U.S.C. 505 and Plaintiff's costs; and 3) an order pursuant to 17 U.S.C. § 502(a) enjoining Defendant from any infringing use of any of Plaintiff's works. Plaintiff also seeks such other relief that the Court determines is just and proper.

**Defendant's Response:** Defendant seeks a judgment that it did not infringe Plaintiff's copyright rights in the Photograph and that Plaintiff is entitled to no damages. Defendant further seeks a judgment that it is entitled to its attorney's fees pursuant to 17 U.S.C. § 505 and its costs. Defendant also seeks such other relief that the Court determines is just and proper.

### 4. MOTIONS

At this time, the only (non-discovery) motions the parties anticipate filing are Motions for Summary Judgment at the close of discovery or sooner if the evidence supports such a motion. See the parties' proposed scheduling plan, below, for suggested cut-off dates. While currently neither party anticipates filing any other motions, both parties reserve the right to file discovery or dispositive motions in the future. At this time, the Plaintiff does not anticipate adding any new parties to the action. Defendant does not, at this time, anticipate adding any new parties to the action.

### 5. COMPLEXITY

The parties agree this is not the type of case that qualifies for the Complex Litigation Track.

### 6. STATUS OF DISCOVERY:

The parties shall serve their initial disclosures by May 17, 2023. No discovery has been completed at this time. The parties do not have any further changes to the timing, form, or requirement for disclosures under Rule 26(a).

### 7. DISCOVERY PLAN

**Initial Disclosures [Rule 26(f)(3)(A)].** The parties agree that no changes should be made in the form or requirement for initial disclosures under Rule 26(a). The parties agree to serve initial disclosures no later than May 17, 2023.

**Subjects and Phasing of Discovery [Rule 26(f)(3)(B)].** No discovery has been taken to date and currently there are no discovery disputes. The parties do not request

any changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure.

The Parties have discussed a discovery plan and have agreed to the proposed discovery schedule outlined in Section 17 below, which includes interparty written discovery and depositions. The Parties agree that discovery should be phased, with expert discovery, if any, following fact discovery. The Parties anticipate that the scope of discovery will encompass matters otherwise within the scope of Fed. R. Civ. P. 26. Specifically, the parties agree that discovery will take place on at least the following subjects: (1) Defendant's alleged use of the Photograph, including the source, circumstances of posting, and actual or implied authorization; (2) copyright registration and ownership; (3) Plaintiff's licensing history of the Photograph, including prior attempts to license the Photograph; (4) Plaintiff's damages; and (5) Defendant's willfulness or lack of willfulness.

**Discovery of ESI [Rule 26(f)(3)(C)].** The parties do not anticipate any issues regarding the disclosure, discovery, or preservation of electronically stored information, including the form in which it should be produced. The parties will agree upon an appropriate ESI protocol along with a protective order.

**Privilege [Rule 26(f)(3)(D)].** The parties expect to submit a stipulated protective order to govern the handling of confidential information. The protective order is expected to contain provisions governing claims of privilege and attorney work product and include procedures under Fed. R. Evid. 502 regarding the treatment of claims after production.

## 8. EXPERT DISCOVERY

At this point in time, no expert witnesses have been disclosed by the parties, and each party currently does not contemplate the retention of expert witnesses in this matter. In the event that experts are required, the parties agree to comply with the timing requirements in the Federal Rules of Civil Procedure with regard to

- 6 -
JOINT REPORT PURSUANT TO FRCP 26(f)

disclosures.

**9. DISPOSITIVE MOTIONS**

Plaintiff believes that this matter may be determined by a motion for summary judgment. Defendant believes that this matter may be determined by a motion for summary judgment.

**10. ALTERNATIVE DISPUTE RESOLUTION**

The parties agree to appear before a Mediator selected from the Court's Mediation Panel pursuant to ADR Procedure No. 2 per Local Rule 16-15.4.

**11. SETTLEMENT EFFORTS**

The parties have discussed settlement and had written communications regarding settlement.

**12. PRELIMINARY TRIAL ESTIMATE:**

The parties have conferred, and their present best estimate of the length of trial is approximately three (3) trial days, to be revisited as discovery progresses.

**13. TRIAL:**

The parties shall be by jury. Plaintiff expects to call three or four witnesses.

**14. TRIAL COUNSEL:**

Plaintiff:     Craig B Sanders, Esq.

Defendant:  David A. Boag, Esq.

**15. INDEPENDENT EXPERT OR MASTER:**

The parties do not believe that this is a case in which a master pursuant to Federal Rule of Civil Procedure 53 or an independent scientific expert should be appointed.

**16. OTHER ISSUES:**

At this time the Parties are unaware of any other matters which the Court should take into account in setting the schedule.

17. **SCHEDULING**

| *Pretrial or Trial Event* | *Proposal* |
|---|---|
| Last day to amend pleadings | August 7, 2023 |
| Deadline to disclose affirmative experts and exchange expert reports | December 11, 2023 |
| Fact discovery cut-off | February 12, 2024 |
| Last day for hearing dispositive motions | March 25, 2024 |
| Final Pretrial Conference | April 22, 2024 |
| Trial (anticipated trial length is 2–4 days) | May 14, 2024 |

DATED: May 10, 2023

SANDERS LAW GROUP
By:   /s/ Jacqueline Mandel
Craig B. Sanders, Esq. (Bar No. 284397)
Jacqueline Mandel, Esq. (Bar No. 317119)
333 Earle Ovington Boulevard, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: jmandel@sanderslaw.group

*Attorneys for Plaintiff*

BOAG LAW, PLLC
By: */s/ David A. Boag*
David A. Boag (*Pro Hac Vice*)
447 Broadway, Suite 2-270
New York, New York 10013
Tel: 212.203.6651
dab@boagip.com

ENENSTEIN PHAM & GLASS, LLP
Teri T. Pham (State Bar No. 193383)
tpham@epglawyers.com
12121 Wilshire Boulevard, Suite 600
Los Angeles, CA 90025
Tel: (310) 899-2070

*Attorneys for Defendant*